# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LESHAWN NICKELSON,                                    Case No. 1:12-cv-363
    Petitioner,


                                       Spiegel, J.
vs.                                                   Litkovitz, M.J.


WARDEN, CHILLICOTHE                                   **REPORT AND**
CORRECTIONAL INSTITUTION,                             **RECOMMENDATION**
    Respondent.

On September 7, 2012, the undersigned issued an Order in this *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254, requiring petitioner to show cause why his petition should not be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b). (Doc. 17). Petitioner has responded to the show cause order. (Doc. 22). Therefore, the matter is now ripe for disposition.

28 U.S.C. § 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." In addition, § 2244(b)(2) provides that a claim presented in a second or successive petition, which the petitioner did not include in the prior federal habeas application, must be dismissed unless: (1)(a) the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (b) the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence;" **and** (2) the "facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *See* 28 U.S.C. § 2244(b)(2).

Before a successive petition within the meaning of 28 U.S.C. § 2244(b)(1)-(2) may be filed in the district court, the petitioner must first request and obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson,* ___ U.S. ___, 130 S.Ct. 2788, 2796 (2010).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *See* 28 U.S.C. § 2244(b)(3)(C).  Absent authorization by the court of appeals, a federal district court lacks jurisdiction to consider a successive petition.  In the Sixth Circuit, when a prisoner has filed a successive habeas petition in the district court without first obtaining authorization from the court of appeals, the district court must, in the interest of justice pursuant to 28 U.S.C. § 1631, transfer the case to the Sixth Circuit for consideration in accordance with standards set forth in § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)).  However, before transferring the petition, the district court must determine "in the first instance [that the petitioner's] claims are successive within the meaning of 28 U.S.C. § 2244(b)." *See In re Smith*, ___ F.3d ___, No. 12-3425, 2012 WL 3631145 (6th Cir. Aug. 24, 2012) (holding that before a second or successive petition may be transferred to the circuit court, the district court must first determine that the appellate court's authorization is required by ruling that the petition is successive within the meaning of 28 U.S.C. § 2244(b) and that, therefore, the district court lacks jurisdiction to consider it).

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d

1024, 1025 (7th Cir. 1999) (and cases cited therein).  However, not all subsequent petitions

relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-*

*Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical

procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at

645.

   The Supreme Court has held that a habeas corpus petition is not successive and, therefore,

§ 2244(b) does not apply when it is the first application challenging a new judgment, such as a

new sentence imposed on resentencing, that occurs between habeas proceedings.  *Magwood*, 130

S.Ct. at 2796.  In addition, a later petition does not constitute a successive petition within the

meaning of the statute where the claim was raised in the first petition but was dismissed as

premature, *see Stewart,* 523 U.S. at 644-45; the first petition was dismissed without prejudice for

failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000);

*Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); or the first petition was dismissed because

petitioner failed to either pay the filing fee or provide proper support for his application for

pauper status, *see Stewart,* 523 U.S. at 645 (and cases cited therein).  In all of those contexts, the

district court had jurisdiction to consider the subsequent petitions without first obtaining

authorization from the court of appeals, because the prior dispositions were not "on the merits."

*See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47

(2nd Cir. 1996).

   In contrast, when a prior petition is dismissed because the petitioner procedurally

defaulted his claims in state court, the dismissal of the petition is "on the merits."  In such a case,

the prisoner must obtain authorization from the court of appeals under standards set forth in §

2244(b)(3) before filing a subsequent federal habeas application. *See, e.g., In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. United States,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at \*1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition). *But cf. Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, . . . is not the equivalent of a successive habeas petition").

In the instant habeas corpus action filed pursuant to 28 U.S.C. § 2254, petitioner challenges his state conviction and sentence in Lawrence County, Ohio, Court of Common Pleas Case No. 05CR155. (Doc. 1). In his two stated grounds for relief, petitioner essentially contends that the trial court lacked jurisdiction to sentence him in February 2009 given the lengthy delay between entry of his guilty plea and sentencing, which he claims was "solely attributable to the State." (*See* Doc. 1, pp. 9, 12).

As previously discussed in the September 7, 2012 show-cause order (*see* Doc. 17), petitioner filed a prior habeas corpus action under 28 U.S.C. § 2254 with this Court challenging

4

the same conviction and sentence.[1] *See LeShawn Nickelson v. Warden, Chillicothe Corr. Inst.,* Case No. 1:11-cv-334 (S.D. Ohio) (Spiegel, J.; Merz, M.J.) (Doc. 3). In that action, petitioner claimed that his trial and appellate attorneys were ineffective and that the trial court violated his constitutional rights when it ruled his pre-sentence motion to withdraw his guilty plea was "untimely" and denied the motion without a hearing. *Id.* (Doc. 3, pp. 6, 8, 9, 11). On December 19, 2011, the magistrate judge issued a Report and Recommendation rejecting all of petitioner's arguments and recommending the denial of the petition with prejudice. *Id.* (Doc. 37). Petitioner filed objections to the Report and Recommendation, which were overruled by the Court in an Opinion and Order filed on March 1, 2012. *See id.* (Doc. 38, 78). The Report and Recommendation was adopted by the Court, and the petitioner's habeas corpus petition was dismissed with prejudice. *Id.* (Docs. 78-79). Although the Court determined that a certificate of appealability should not issue and denied petitioner leave to appeal *in forma pauperis,* petitioner filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, which apparently is still pending before that court. *See id.* (Doc. 81).

Here, it is clear from the face of the petition that petitioner is attacking the same conviction and sentence that he previously unsuccessfully challenged in Case No. 1:11-cv-334.

---

[1] The prior habeas case was brought to the Court's attention by petitioner when he recently filed a complaint under 42 U.S.C. § 1983 alleging Fourth Amendment violations committed by police officers during the state criminal investigation. *See LeShawn Nickelson v. David Marcum, et al.,* No. 1:12-cv-655 (S.D. Ohio 2012) (Spiegel, J.; Wehrman, M.J.) (Doc. 3). A Report and Recommendation has been issued by the magistrate judge to dismiss the civil rights complaint at the screening stage, which is presently pending before the district court for ruling. *See id.* (Doc. 4). As previously noted in the show-cause order issued in the instant action (*see* Doc. 17, p. 2 n.1), although respondent did not mention the prior federal habeas petition in the return of writ filed in this case, the Court is permitted to "take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

The district court ruled on the merits of petitioner's claims in the prior action. Petitioner has neither argued nor otherwise demonstrated that the instant petition is not successive within the meaning of 28 U.S.C. § 2244(b), nor has petitioner made a *prima facie* showing under 28 U.S.C. § 2244(b)(2) that the conditions allowing for review of new claims have been met. (*See* Doc. 22).

Accordingly, in sum, the undersigned concludes that the instant petition is successive within the meaning of 28 U.S.C. § 2244(b) and that, therefore, this Court lacks jurisdiction to consider petitioner's claims for relief absent authorization by the Sixth Circuit. Therefore, it is **RECOMMENDED** that, in the interest of justice, the case be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration as required under 28 U.S.C. § 2244(b)(3).

**IT IS SO RECOMMENDED.**

Date: 9/25/12

cbc

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LESHAWN NICKELSON,              Case No. 1:12-cv-363
     Petitioner

     vs                           Spiegel, J.
                                    Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LeShawn Nickleson
548-117
Chillicothe Corr. Inst.
Po Box 5500
Chillicothe, OH 45601

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
*(Transfer from service label)*

7002 3150 0000 8389 9326

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540